FILED
CLERK, U.S. DISTRICT COURT
9/20/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: CDO DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

GAVIN EMILIANO VELASCO and JESUS MALDONADO ROJAS,

Defendants.

CR No. 2:24-cr-00566-MEMF

I N D I C T M E N T

[18 U.S.C. § 2114(a): Robbery of a United States Letter Carrier; 18 U.S.C. §§ 111(a)(1), (b): Assault on a Federal Employee; 18 U.S.C. § 1704: Theft of Mail Key; 18 U.S.C. §§ 924(c)(1)(A)(i), (ii): Possess, Use, Carry, and Brandish a Firearm in Furtherance of, and During and in Relation to, Crimes of Violence; 18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2114(a), 2(a)]

[ALL DEFENDANTS]

On or about August 26, 2024, in Los Angeles County, within the Central District of California, defendants GAVIN EMILIANO VELASCO, and JESUS MALDONADO ROJAS, each aiding and abetting the other,

knowingly and intentionally robbed victim M.M., a person having lawful charge, custody, and control of mail matter and other property of the United States, in M.M.'s official capacity as a United States Postal Service letter carrier, of mail matter and property of the United States, and, in so doing, put M.M.'s life in jeopardy by using a dangerous weapon.

COUNT TWO

[18 U.S.C. §§ 111(a)(1), (b), 2(a)]

[ALL DEFENDANTS]

On or about August 26, 2024, in Los Angeles County, within the Central District of California, defendants GAVIN EMILIANO VELASCO and JESUS MALDONADO ROJAS, each aiding and abetting the other, intentionally and forcibly assaulted, intimidated, and interfered with victim M.M., a United States Postal Service letter carrier, while M.M. was engaged in, and on account of, the performance of M.M.'s official duties, with the intent to commit another felony, and, in so doing, made physical contact with M.M., and used a deadly and dangerous weapon, namely, a firearm.

COUNT THREE

[18 U.S.C. §§ 1704, 2(a)]

[ALL DEFENDANTS]

On or about August 26, 2024, in Los Angeles County, within the Central District of California, defendants GAVIN EMILIANO VELASCO and JESUS MALDONADO ROJAS, each aiding and abetting the other, knowingly stole and purloined keys suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptable for the deposit of mail matter, namely, one "arrow" key and one "modified arrow" key, with the intent to deprive the owner of the keys, temporarily and permanently, of their use and benefit.

COUNT FOUR

[18 U.S.C. §§ 924(c)(1)(A)(i), (ii), 2(a)]

[ALL DEFENDANTS]

On or about August 26, 2024, in Los Angeles County, within the Central District of California, defendants GAVIN EMILIANO VELASCO and JESUS MALDONADO ROJAS, each aiding and abetting the other, knowingly carried a firearm, namely, a privately manufactured 9mm semi-automatic pistol ("ghost gun"), during and in relation to, and possessed such firearm in furtherance of, crimes of violence, namely, robbery of a United States letter carrier putting life in jeopardy by use of a dangerous weapon, in violation of Title 18, United States Code, Section 2114(a), as charged in Count One of this Indictment, and assault on a federal employee using a dangerous weapon, in violation of Title 18, United States Code, Sections 111(a)(1), (b), as charged in Count Two of this Indictment, and, in so doing, brandished such firearm.

COUNT FIVE

[18 U.S.C. §§ 1708, 2(a)]

[ALL DEFENDANTS]

On or about August 29, 2024, inside of a vehicle in Los Angeles County, within the Central District of California, defendants GAVIN EMILIANO VELASCO and JESUS MALDONADO ROJAS, each aiding and abetting the other, unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 21 pieces of mail and mail matter addressed to various individuals within Los Angeles County and elsewhere, and at that time and place, defendants VELASCO and ROJAS knew that said mail and mail matter were stolen.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C), 924(d)(1) & 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924, as well as Title 28, United States Code, Section 2461(c), in the event of any of the defendant's conviction of the offenses set forth in any of Counts One or Five of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following property:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense;

(b) All right, title, and interest in any firearm or ammunition involved in or used in or used in any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event any defendant's conviction of the offenses set forth in Count Three of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

///

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

KENNETH R. CARBAJAL
Assistant United States Attorney
General Crimes Section